UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISON

| | |
|---|---|
| BRANDON WADE PHOTOGRAPHY, LLC, | § § § § |
| Plaintiff, | § § Case No: § § **COMPLAINT** |
| v. | § § DEMAND FOR JURY TRIAL |
| BERKEYS LLC, | § § § |
| Defendant. | § |

Plaintiff Brandon Wade Photography, LLC ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Berkeys LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these photographs which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a website known as www.berkeys.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Brandon Wade Photography, LLC is Texas limited liability company and maintains a principal place of business in Arlington, Tarrant County, Texas.

6. Upon information and belief, defendant Berkeys LLC is a Delaware limited

liability company with a principal place of business at 1070 S Kimball Ave., #131, Southlake, Texas 76092 in Tarrant County, Texas and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Berkeys LLC because it maintains its principal place of business in Texas.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Berkeys LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which it licenses to online and print publications.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. Berkeys LLC is the registered owner of the Website and is responsible for its content.

15. Berkeys LLC is the operator of the Website and is responsible for its content.

16. The Website is a popular and lucrative commercial enterprise.

17. The Website is monetized in that it promotes Defendant's home services and, upon information and belief, Defendant profits from these activities.

18. On November 17, 2021, Plaintiff authored several photographs depicting the Rock Wall (and related objects) at the Rockwall County Historical Foundation ("Photographs 1-5"). Copies of Photographs 1-5 are attached hereto collectively as <u>Exhibit 1</u>.

19. On January 4, 2022, Photographs 1-5 were registered by the USCO under Registration No. VA 2-284-645.

20. On or about November 30, 2021, Defendant re-published Photographs 1-5 on the Website (the "*Story*"). A copy of the screengrab of the Website including Photographs 1-5 is attached hereto as <u>Exhibit 2</u>.

21. The Story and Photographs 1-5 are displayed at URL: berkeys.com/2021/11/30/where-is-rockwalls-wall/

22. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed each of Plaintiff copyright protected photographs (hereinafter collectively referred to as "*Photographs*") as are set forth in Exhibit "1" on the Website.

23. Upon information and belief, the Photographs were copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

24. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

25. Each Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

26. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

27. Upon information and belief, Defendant copies and pastes articles from third

party websites directly to its Website.

28. Upon information and belief, the Photographs were willfully and volitionally posted to the Website by Defendant.

29. Upon information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

30. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

31. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

32. Upon information and belief, Defendant monitors the content on its Website.

33. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

34. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in its service revenues.

35. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

36. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

37. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

38. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

39. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

40. The Photographs are original, creative works in which Plaintiff owns valid

copyright properly registered with the United States Copyright Office.

41. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

42. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

43. Defendant's reproduction of the Photographs and display of the Photographs on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

44. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

45. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

46. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

47. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and

monetary relief as follows:

    a.    finding that Defendant infringed upon Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e.    for pre judgment interest as permitted by law; and

    f.    for any other relief the Court deems just and proper.

DATED: February 16, 2023

**SANDERS LAW GROUP**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
333 Earle Ovington Blvd., Ste. 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 125274

*Attorneys for Plaintiff*